# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Freddie M. Engelhart,<br>Dianne L. Engelhart,<br><br>　　　　　　Debtor, | Bky Case No. 16-33692<br><br>Chapter 7 |
| Michael S. Dietz, Trustee<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Joseph Engelhart,<br><br>　　　　　　Defendants. | Adv. Case No. |

## Complaint to Recover Transfers

For his Complaint against Defendants, Plaintiff states and alleges as follows:

1. Plaintiff is the duly appointed, qualified and acting trustee of the Chapter 7 bankruptcy estate of the Debtors identified above.

2. Defendant, Joseph Engelhart is the son of the Debtors.

### JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding relates to the above-captioned case under the United States Bankruptcy Code, which case is pending in this Court.

4. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(H).

### MONETARY TRANSFERS

5.  During the time period between July 2, 2015, and July 11, 2016, the Debtors transferred $6,190.00 to the Defendant in 25 transfers set forth on Exhibit A attached hereto and incorporated by reference (the, "Montetary Transfers").

### DEBIT AND CREDIT CARD TRANSFERS

6.  During the eighteen months prior to their bankruptcy filing, the Debtors allowed the Defendant to use their debit and credit cards to purchase gasoline, food and merchandise for his own personal use (the "Debit Card Transfers").

### BADGES OF FRAUD

7.  In 2009, Freddie Engelhart entered into a plea arrangement and, as part of his sentence, was ordered to pay restitution in the amount of $ 500,100.00. At the time he filed his bankruptcy petition, he still owed at least $ 495,000.00 of the restitution obligation.

8.  On October 7, 2009, a judgment in the amount of $1,925,000.00 was entered against Freddie Engelhart and in favor of William Wiemann. The judgment related to a transaction regarding two automobiles. At the time Mr. Engelhart filed his bankruptcy petition he still owed the full amount of the judgment.

9.  At all times relevant herein, the Debtors were under threat of post-judgment collection litigation by Mr. Wiemann.

10. The Debtors did not receive reasonably equivalent value for any of the transfers set forth herein (the, "Transfers").

11. At all times relevant herein, the Debtors were insolvent.

12. At all times relevant herein, the Defendant knew or had reason to know that the Debtors were insolvent and subject to collection litigation.

13. At all times relevant herein, the Defendant conspired with the Debtors to hinder, delay or defraud the Debtors' creditors.

14. The Debtors concealed and did not disclose the Transfers on their bankruptcy schedules and during their testimony at the Section 341 Meeting in their bankruptcy case.

15. Defendant is an insider of the Debtors.

## COUNT ONE

16. All paragraphs preceding or following this Count are incorporated in this Count by reference.

17. The Debtors made the Transfers with the actual intent to hinder, delay, or defraud and entity to which the Debtors were indebted or became indebted to after the Transfers.

18. Plaintiff may avoid the Transfers and preserve them for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §548(a)(1)(A).

## COUNT TWO

19. All paragraphs preceding or following this Count are incorporated in this Count by reference.

20. The Debtor received less than a reasonably equivalent value in exchange for the Transfers; or, in the alternative, the Debtors made the Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

21. The Debtors were insolvent when the Transfers were made or became insolvent as a result of the Transfers.

22. Plaintiff may avoid the Transfers and preserve them for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT THREE

23. All paragraphs preceding or following this Count are incorporated in this Count by reference.

24. The Debtors received less than a reasonably equivalent value in exchange for the Transfers.

25. The Debtors were insolvent when the Transfers were made or became insolvent as a result of the Transfers.

26. Plaintiff may avoid the Transfers and preserve them for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §544(b) and Minnesota Statutes Section 513.45(a).

## COUNT FOUR

27. The Debtors made the Transfer with the actual intent to hinder, delay, or defraud and entity to which the Debtors were indebted or became indebted to after the Transfer.

28. Plaintiff may avoid the Transfer and preserve it for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §544(b) and Minnesota Statutes Section 513.44(a)(1).

## COUNT FIVE

29. In the alternative, the Debtors made the Transfers to insiders for an antecedent debt.

30.     At the time of the Transfers the Debtors were insolvent, and the Defendant had reasonable cause to believe the Debtors were insolvent.

31.     Plaintiff may avoid the Transfers and preserve them for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §544(b) and Minnesota Statutes Section 513.45(b).

**WHEREFORE**, Plaintiff prays the Court enter judgment in favor of Plaintiff and against the Defendant in the amount of $6,190.00, together with the amount of debit card charges made by Adam Engelhart as demonstrated by the evidence at trial; together with such other and further relief as the Court deems just and equitable.

Dated:  March 14, 2017                               **DUNLAP & SEEGER, P.A.**

                                                     By: /e/ Michael S. Dietz
                                                         Michael S. Dietz
                                                         Registration No. 188517
                                                         Christopher D. Nelson
                                                         Registration No. 388089

                                                     Attorneys for Plaintiff
                                                     30 Third Street
                                                     P.O. Box 549
                                                     Rochester, Minnesota 55903-0549
                                                     Telephone:  (507) 288-9111